THOMAS HARBISON, Respondent, *v.* PHILIP VON VOLKENBURGH and others, Appellants.

*Discovery of books and papers — when denied.*

Appeal from an order directing a discovery of books and papers.

The plaintiff brought this action to recover a balance which he claimed to be due under contracts, by which he was to receive a certain per centage on the gross receipts realized by the sale of designated goods. The entries in reference to the transactions covered by the agreements, were made in the defendants' books, used by them for their general business, of which these sales formed a part. The papers relating to the merchandise were also kept by the defendants, necessarily, it would seem, because they were the sellers, the plaintiff being in their employment as a salesman.

It appeared from the answer and the admissions of the plaintiff, that he was furnished, during the continuance of his employment, with semi-annual accounts, and with weekly statements as well, to

which he objected in one respect only, and then, about the 1st of July, 1873, but not prior thereto. It also appeared that he accepted these accounts and statements, the verity of which he had the opportunity to test by an examination of the books and papers relating to them, and received the payments or credits of the balances which they evidenced; that he did not deny the accuracy of these accounts and statements, nor did he deny the possession of these documents. It further appeared that when the demand for an inspection of the books and papers was made, though it was refused as to the person making it, it was not denied to the plaintiff; to whom it was then said that the privilege would be extended. The General Term *held*, that due consideration of all these elements, with proper reference to the rules which govern applications of this character, rendered it necessary to vacate the order granted by the court below. (*Campbell* v. *Hoge*, 2 Hun, 308.) That it was not a matter of right to inspect books and papers, and the privilege is not given, except in extreme cases, where the refusal may involve the loss of a claim or defense; in other words, unless it is, as already stated, indispensably necessary, and therefore essential to accomplish the administration of justice.

*A. J. Vanderpoel*, for appellants. *Amos G. Hull*, for respondent.

Opinion by Brady, J. Davis, P. J., and Daniels, J., concurred.

Order reversed, with ten dollars costs, besides disbursements.